UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

GISELLE ESPARZA,
individually and on behalf
of all others similarly situated,

        Plaintiff,        CASE NO. 16-CV-635

                      JURY TRIAL DEMANDED

   v.

NATURE'S PATH USA II LLC,

        Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.     Plaintiff Giselle Esparza, on behalf of herself and all others similarly situated, brings this collective and class action against Defendant Nature's Path USA II LLC for violations of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin law. Within the past three years, Plaintiff Giselle Esparza and the putative class members have worked as employees of Defendant Nature's Path USA II LLC. Within the past three years, Plaintiff Giselle Esparza and the putative class members have been denied properly calculated overtime premium compensation at a rate of one and one-half times their respective regular rates for all hours worked beyond forty in a workweek in violation of the FLSA and Wisconsin law.

2. Defendant Nature's Path USA II LLC is a producer and international distributor of organic foods. Defendant Nature's Path USA II LLC runs its two United States production and distribution plants out of Blaine, Washington and Sussex, Wisconsin.

3. Plaintiff Giselle Esparza, brings this action, on behalf of herself and all others similarly situated, as a collective action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

4. Plaintiff Giselle Esparza also brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case presents federal questions brought under the FLSA.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Wisconsin law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims

occurred in this District, and Defendant Nature's Path USA II LLC has substantial and systematic contacts in this district.

## PARTIES

8. Defendant Nature's Path USA II LLC ("Nature's Path") is a foreign corporation based out of Canada with its principal place of business located in Richmond, British Columbia. Nature's Path's registered agent for service of process is National Registered Agents, Inc., located in Madison, Wisconsin.

9. Plaintiff Giselle Esparza ("Plaintiff Esparza") is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Esparza was formerly employed by Nature's Path at times in the past three years. Plaintiff Esparza's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to and is made a part of this Complaint.

10. Plaintiff Esparza brings this action on behalf of herself and all other similarly situated employees of the Collective Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who worked as hourly employees for Nature's Path since May 31, 2013.

11. Plaintiff Esparza brings this action on behalf of herself and all other similarly situated employees in the Wisconsin Class, pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who worked as hourly employees in Wisconsin for Nature's Path since May 31, 2014.

## GENERAL ALLEGATIONS

12. Plaintiff Esparza and the Collective Class work, or have worked, for Nature's Path at times since May 31, 2013.

13. Plaintiff Esparza and the Wisconsin Class work, or have worked, for Nature's Path in Wisconsin at times since May 31, 2014.

14. At times since May 31, 2013, Nature's Path has had a policy and practice of making shift differential payments to Plaintiff, the Collective Class and the Wisconsin Class for hours worked between 6:00 PM and 6:00 AM.

15. At times since May 31, 2013, Nature's Path has had a policy and practice of making non-discretionary bonus payments to Plaintiff, the Collective Class and the Wisconsin Class which were in addition to the employer's regular earnings and were directly related to overall plant/and or department performance (i.e., safety, quality, waste reduction).

16. At times since May 31, 2013, Nature's Path paid Plaintiff Esparza an hourly rate of $13.13 per hour plus shift premiums.

17. At times since May 31, 2013, Nature's Path paid Plaintiff Esparza an hourly rate of $13.13 per hour plus non-discretionary bonuses.

18. Since May 31, 2013, Nature's Path calculated and paid Plaintiff Esparza shift premiums for hours worked between 6:00 PM and 6:00 AM.

19. Since May 31, 2013, Nature's Path paid non-discretionary bonus payments to the Plaintiff and putative class members on a quarterly basis.

20. In the two week pay period ending on April 3, 2016, Nature's Path paid Plaintiff Esparza for 10.10 hours of overtime premium compensation for hours Plaintiff Esparza worked in excess of forty hours in the two workweeks in that pay period.

21. In the two week pay period ending on April 3, 2016, Nature's Path paid Plaintiff Esparza $198.92 for the 10.10 hours of overtime Plaintiff Esparza worked for Nature's Path.

22. In the two week pay period ending on April 3, 2016, Nature's Path used a regular rate of $13.13 per hour when calculating Plaintiff Esparza's compensation for that pay period.

23. In the two week pay period ending on April 3, 2016, Nature's Path used an overtime rate of $19.695 per hour when calculating Plaintiff Esparza's compensation for that pay period.

24. In the two week pay period ending on April 3, 2016, Plaintiff Esparza earned both shift premium and non-discretionary bonus pay.

25. In the two week pay period ending on April 3, 2016, Nature's Path failed to include both the shift premium pay of $1.99 and the non-discretionary bonus pay of $216.67 in Plaintiff Esparza's regular rate of pay for purposes of calculating her overtime compensation for that pay period.

26. At times since May 31, 2013, Nature's Path has employed Collective Class members who also received shift premium payments.

27. At times since May 31, 2013, Nature's Path has employed Collective Class members who also received non-discretionary bonus payments.

28. At times since May 31, 2014, Nature's Path has employed Wisconsin Class members who also received shift premium payments.

29. At times since May 31, 2014, Nature's Path has employed Wisconsin Class members who also received non-discretionary bonus payments.

30. At times since May 31, 2013, Nature's Path has agreed to pay Plaintiff Esparza and the members of the Collective Class and Wisconsin Class an hourly rate of pay for all hours worked in addition to shift premium payments.

31. At times since May 31, 2013, Nature's Path has agreed to pay Plaintiff Esparza and the members of the Collective Class and Wisconsin Class an hourly rate of pay for all hours worked in addition to quarterly non-discretionary bonus payments.

32. At times since May 31, 2013, Nature's Path has suffered or permitted Plaintiff Esparza and the members of the Collective Class and Wisconsin Class to work in excess of forty hours in a given workweek on a regular basis.

33. At times since May 31, 2013, Nature's Path regularly failed to account for shift premium payments to Plaintiff Esparza and the members of the Collective Class and Wisconsin Class when determining their respective regular rates for purposes of computing the overtime premium compensation.

34. At times since May 31, 2013, Nature's Path regularly failed to account for non-discretionary bonus payments to Plaintiff Esparza and the members of the

Page 6 of 16

Case 2:16-cv-00635-JPS    Filed 05/31/16    Page 6 of 16    Document 1

Collective Class and Wisconsin Class when determining their respective regular rates for purposes of computing the overtime premium compensation.

35. As a result of failing to account for these shift premium payments in the calculation of the regular rate, Nature's Path failed to compensate Plaintiff Esparza and the members of the Collective Class and Wisconsin Class at the proper rate of one and one-half times their respective regular rates for hours worked in excess of forty hours in a given workweek since May 31, 2013.

36. As a result of failing to account for these non-discretionary bonus payments in the calculation of the regular rate, Nature's Path failed to compensate Plaintiff Esparza and the members of the Collective Class and Wisconsin Class at the proper rate of one and one-half times their respective regular rates for hours worked in excess of forty hours in a given workweek since May 31, 2013.

37. Nature's Path's conduct, as set forth in this Complaint, was willful and in bad faith and has caused significant damages to Plaintiff and the putative class members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

38. Plaintiff Esparza and the Collective Class have and have had substantially similar pay provisions, and are and have been subject to Nature's Path's common decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to include the commission payments in the calculation of the regular rate for purposes of paying overtime premium compensation. The claims of the Plaintiff Esparza stated herein

are the same as those of the Collective Class that Plaintiff Esparza seeks to represent.

39. Plaintiff Esparza and the Collective Class seek relief on a collective basis and challenge Nature's Path's policies and practices which have led to federal wage violations.

40. As a result of the above alleged common pay practices, Nature's Path has failed to pay the Plaintiff Esparza and the Collective Class overtime premium compensation for all hours worked.

41. The FLSA 216(b) Collective Class' members are readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Nature's Path. Notice can be provided to the Collective Class via first class mail to the last address known to Nature's Path and through posting at Nature's Path's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

42. Plaintiff Esparza brings Wisconsin state law claims, pursuant to the Wisconsin wage laws, both individually and, under FED. R. CIV. P. 23, on behalf of the Wisconsin Class for violations occurring on or after May 31, 2014.

43. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Nature's Path.

44. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Nature's Path, upon information and belief, there are more than 300 members in the Wisconsin Class.

45. Plaintiff Esparza's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practices of Nature's Path and Nature's Path benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff Esparza and other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

46. Plaintiff Esparza is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class.

47. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members, including, but not limited to, the following:

   a) Whether Nature's Path's common policy and practice of failing to include shift premium into the computation of the Wisconsin Class members' regular rates violates Wisconsin law; and

b) Whether Nature's Path's common policy and practice of failing to include non-discretionary bonus payments into the computation of the Wisconsin Class members' regular rates violates Wisconsin law; and

c) Whether Nature's Path's actions as alleged in this Complaint were willful.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant, particularly those with relatively small claims.

49. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

50. Plaintiff Esparza, on behalf of herself and the Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

51. At all times since May 31, 2013, Plaintiff Esparza and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

52. Nature's Path is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

53. At all times since May 31, 2013, Nature's Path was an employer of Plaintiff Esparza and the Collective Class within the meaning of the FLSA, 29 U.S.C. § 203(s), (g).

54. As a result of the above-alleged practices and policies, Nature's Path violated the FLSA by failing to account for and compensate Plaintiff Esparza and the Collective Class at a properly calculated overtime rate for each hour they worked each workweek.

55. Plaintiff Esparza and the Collective Class are entitled to damages equal to the mandated overtime premium pay for all hours worked in excess of forty for any given workweek since May 31, 2013, plus periods of equitable tolling because Nature's Path acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

56. Nature's Path's failure to properly compensate the Plaintiff Esparza and the Collective Class was willfully perpetrated and Plaintiff Esparza and the Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Nature's Path did not act willfully in failing to pay overtime premium wages, Plaintiff Esparza and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

58. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law

59. Plaintiff Esparza, on behalf of herself and the members of the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

60. Since May 31, 2014, Plaintiff Esparza and members of the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61. Since May 31, 2014, Plaintiff Esparza and members of the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62. Since May 31, 2014, Plaintiff Esparza and members of the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

63. Since May 31, 2014, Plaintiff Esparza and members of the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Since May 31, 2014, Plaintiff Esparza and members of the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since May 31, 2014, Nature's Path was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66. Since May 31, 2014, Nature's Path was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67. Since May 31, 2014, Nature's Path was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

68. Since May 31, 2014, Nature's Path was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69. Since May 31, 2014, Nature's Path was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70. Since May 31, 2014, Nature's Path has employed, and/or continues to employ Plaintiff Esparza and members of the Wisconsin Class as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

71. Since May 31, 2014, Nature's Path has employed, and/or continues to employ Plaintiff Esparza and members of the Wisconsin Class as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

72. Since May 31, 2014, Nature's Path has employed, and/or continues to employ Plaintiff Esparza and members of the Wisconsin Class as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

73. Since May 31, 2014, Nature's Path has employed, and/or continues to employ Plaintiff Esparza and members of the Wisconsin Class as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

74. Since May 31, 2014, Nature's Path has employed, and/or continues to employ Plaintiff Esparza and members of the Wisconsin Class as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

75. Since May 31, 2014, Nature's Path has had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Esparza and members of the Wisconsin Class overtime compensation for all hours worked in excess of forty in a workweek at the proper rate.

76. Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

77. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin's law requiring the payment overtime wages.

78. As set forth above, Plaintiff Esparza and members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Nature's Path's violations. Accordingly, Plaintiff Esparza, on behalf of herself and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Nature's Path to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff Esparza and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

79. Plaintiff Esparza, on behalf of herself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Nature's Path, pursuant to the Wisconsin law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Esparza, on her own behalf and on the behalf of all members of the Collective Class and the Wisconsin Class request the following relief:

a) An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) An order designating Plaintiff Esparza as the Named Plaintiff and as representative of the Wisconsin Class set forth herein;

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Nature's Path's actions as described in the Complaint as unlawful and in violation of the Wisconsin Law and applicable regulations;

f) An order finding that Nature's Path violated the FLSA and Wisconsin wage and hour law;

g) An order finding that these violations were willful;

h) Judgment against Nature's Path in the amount equal to Plaintiff Esparza's and the Collective Class' unpaid wages at the applicable overtime rates;

i) Judgment against Nature's Path in the amount equal to Plaintiff Esparza's and the Wisconsin Class' unpaid wages at the applicable overtime rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

l) Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Esparza hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated this 31st day of May, 2016.

Respectfully submitted,

s/ Summer H. Murshid
Summer H. Murshid
SBN 1075404
Larry A. Johnson
SBN 1056619
Timothy P. Maynard
SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com